**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Alexander PORTILLO–VASQUEZ, Defendant–Appellant.**

**No. 00–50323.**
**D.C. No. CR–99–00914–SVW.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[*]

Decided June 1, 2001.

938

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Alexander Portillo–Vasquez appeals his guilty plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Portillo–Vasquez contends that the district court violated Fed.R.Crim.P. 11(c)(1) by not advising him that an element of the crime is that he was "found in" the United States. We review de novo, *United States v. Seesing*, 234 F.3d 456, 459 (9th Cir. 2000), and conclude that the district court failed to explain the nature of the charge and that the error was not harmless.

■ Section 1326 criminalizes three distinct acts committed by aliens who have been deported: entering, attempting to enter, and being found in the United States. *United States v. Pacheco–Medina*, 212 F.3d 1162, 1165 (9th Cir.2000). Portillo–

** This disposition is not appropriate for publication and may not be cited to or by the

Vasquez was charged with being found in the United States. Being "found" is an element of the crime. *United States v. Salazar–Robles*, 207 F.3d 648, 650 (9th Cir.), *cert. denied*, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000). However, he was not told that the government had to prove that he was found in the United States. *See Seesing*, 234 F.3d at 462.

■ Although Portillo–Vasquez admitted to the fact that he was found in the United States, understanding the factual basis of the crime is not the same as understanding the legal basis for the crime. *United States v. Longoria*, 113 F.3d 975, 977 (9th Cir.1997). A guilty plea admitting all the elements of the crime charged is not "voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Seesing*, 234 F.3d at 461 (quotations omitted).

Portillo–Vasquez's right to be informed of the charge against him was violated, and that Rule 11 error was not harmless. *See United States v. Odedo*, 154 F.3d 937, 940 (9th Cir.1998).

VACATED and REMANDED.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.