**Trong NGUYEN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–15376.

D.C. No. CV–98–21152–RMW
CR–95–20150–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 [*].

Decided Aug. 28, 2001.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM **

Federal prisoner Trong Nguyen appeals pro se from the district court's denial of his 28 U.S.C. § 2255 habeas corpus peti-

tion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review de novo the denial of a 28 U.S.C. § 2255 motion. *United States v. Seesing,* 234 F.3d 456, 459 (9th Cir.2001).

Nguyen contends that the district court's failure to define what "carry" meant for purposes of his guilty plea to a violation of 18 U.S.C. § 924(c)(1) violated Fed.R.Crim.P. 11(c)(1), and rendered his plea unknowing and involuntary. This contention lacks merit.

The adequacy of a Rule 11 plea hearing is reviewed de novo, as is whether the plea colloquy satisfied Rule 11's requirements. *Id.*

During the plea colloquy, Nguyen admitted that he and his co-defendants had weapons, which were to be used to commit the robbery, and thus he was guilty of carrying firearms during and in relation to a crime of violence. *See Seesing,* 234 F.3d at 461–62 (stating that in order to convict a defendant under section 924(c) for "carrying" a firearm the defendant must have transported the firearm on or about his person). Accordingly, no Rule 11(c)(1) violation occurred and Nguyen's guilty plea was knowing and voluntary. *Id.* (concluding that where nature and elements of the crime are explained to the pleading defendant, the requirements of Rule 11(c)(1) are satisfied).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.