**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alejandro CISNEROS–VASQUEZ,**
**Defendant–Appellant.**

No. 01–10103.

D.C. No. CR–00–00195–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Alejandro Cisneros–Vasquez appeals his guilty plea conviction for unlawful reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b) (2001). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and remand for further proceedings.

We review de novo the adequacy of a Federal Rules of Criminal Procedure Rule 11 plea hearing, including the adequacy of the plea colloquy. *United States v. Seesing*, 234 F.3d 456, 459 (9th Cir.2001). "Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *United States v. Smith*, 60 F.3d 595, 597 (9th Cir.1995) (quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)).

Cisneros–Vasquez argues that Rule 11 was violated because during his plea colloquy he "expressed doubt as to whether or not his prior removal was valid." Howev-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

er, "Rule 11 does not require a court, before accepting a guilty plea, to enumerate for the defendant every possible defense and ground for appeal that she or he is foregoing by pleading guilty." *United States v. Garza–Sanchez*, 217 F.3d 806, 811 (9th Cir.2000) (dicta) (citations omitted), *cert. denied* 531 U.S. 1180, 121 S.Ct. 1159, 148 L.Ed.2d 1019 (2001).

■ Here, Cisneros–Vasquez admitted to being removed. Whether he admitted to a "valid" removal does not undermine his knowing admission to all the elements of a violation of § 1326(a) because "the Supreme Court [has] squarely rejected the view that a deportation is an element of the offense defined by § 1326 only if it is lawful." *United States v. Mendez–Casillas*, 272 F.3d 1199, 1205 (9th Cir.2001) (quoting *United States v. Mendoza–Lopez*, 481 U.S. 828, 834, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)) (internal quotation marks omitted). Although a collateral attack on a prior deportation or removal proceeding may be permitted in a § 1326 case, *see Mendoza–Lopez*, 481 U.S. at 839, 107 S.Ct. 2148, the right to launch a collateral attack is not an element of a § 1326 offense. Consequently, any alleged confusion by Cisneros–Vasquez as to the lawfulness of his prior removal is irrelevant under Rule 11.

■ Cisneros–Vasquez also argues that there was an inadequate plea colloquy under Rule 11(f) because he only admitted that he entered the United States illegally, not that he was "found in" the United States illegally. We disagree. Cisneros–Vasquez admitted the factual basis of the "found in" element by admitting entry; once entry is established, an alien is also "found in" the country. "[T]he concept of entry not only illuminates but also is embedded in the 'found in' offense." *United States v. Pacheco–Medina*, 212 F.3d 1162, 1166 (9th Cir.2000).

Accordingly, we affirm the district court's acceptance of Cisneros–Vasquez's plea under Rule 11. Because the judgment incorrectly states that Cisneros–Vasquez was convicted of violating 8 U.S.C. § 1326(a) and (b), we remand so that the judgment can be amended to reflect solely a violation of § 1326(a). *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir.2000).

AFFIRMED in part and REMANDED.