UNITED STATES of America,
Plaintiff—Appellee,

v.

Robert Lee TANNER, Defendant–
Appellant.

No. 00–10472.
D.C. No. CR 91–190–DFL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided April 25, 2002.

Before HUG and TASHIMA, Circuit
Judges, and SEDWICK, District Judge.*

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

MEMORANDUM **

Robert Lee Tanner ("Tanner") appeals the district court's denial of his motion to withdraw his guilty plea and sentence. We have jurisdiction, *see* 28 U.S.C. § 1291, 18 U.S.C. § 3742, and affirm. The parties are familiar with the facts, and therefore, we only address those necessary to our analysis.

■ Tanner first contends that the district court erred by not granting him leave to withdraw his guilty plea. We review the district court's denial of Tanner's motion to withdraw his guilty plea for an abuse of discretion. *See United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987).

Tanner argues that he did not receive fair notice of the charges and consequences of a guilty plea because of "sweeping changes in the law" that occurred subsequent to his plea, notably *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We disagree. The record establishes that the district court engaged in a thorough and lengthy plea colloquy with Tanner. Tanner was represented by counsel and had sufficient awareness of the charges and potential consequences to render his plea voluntary and intelligent.

■ Tanner next challenges his sentence because the district court did not apply *Apprendi*. We review for plain error because Tanner never argued before the district court that drug type and quantity were elements of the offense that the government was required to prove beyond a reasonable doubt. *See United States v. Buckland*, 277 F.3d 1173, 1178 (9th Cir. 2002) (en banc).

All parties concur that the district court committed plain error by not applying *Apprendi*. However, the error did not affect Tanner's substantial rights. The evidence is overwhelming that Tanner possessed in excess of 500 grams of cocaine base, let alone the 50 grams that would have been necessary to sustain a life imprisonment sentence. As Tanner's sentence does not exceed the prescribed statutory maximum, the *Apprendi* error does not supply grounds for relief. *See Buckland*, 277 F.3d at 1183–84; *see also id.* at 1195–96 (Hug, J., concurring) (even though jury was not instructed to find quantity, overwhelming evidence supported conclusion that defendant possessed over 500 grams of substance, and therefore no substantial rights were affected).

Tanner's fallback argument is that the district court's finding that he possessed more than 500 grams of cocaine base ("crack" cocaine) is erroneous. We review the district court's interpretation of the sentencing guidelines *de novo*. *See United States v. Seesing*, 234 F.3d 456, 459 (9th Cir.2001). The district court's factual findings are reviewed for clear error. *Id.* The district court's application of the sentencing guidelines is reviewed for an abuse of discretion. *Id.*

Ample evidence based on trial testimony from witnesses, statements made by Tanner's co-defendant to police, laboratory reports, and Tanner's admissions during his plea colloquy support the district court's conclusion that Tanner possessed in excess of 500 grams of cocaine base ("crack" cocaine). The district court did not err in applying the sentencing guidelines.

■ Finally, Tanner's argument that the district court erred by enhancing his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sentence for firearm possession when it did not similarly enhance his co-defendant's sentence is frivolous. Nothing precludes the district court from applying a sentencing enhancement to one co-defendant, but not the other. Moreover, the record supports the district court's finding that Tanner possessed a firearm.

AFFIRMED.