**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cesar MARINEZ–ARELLANO,
Defendant–Appellant.**

No. 00–50508.

D.C. No. CR–00–01293–MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2001.*

Decided May 16, 2002.

Before MAGILL,** McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM ***

Nineteen-year-old Cesar Marinez–Arellano and his fifteen-year-old cousin, Josue Arellano–Gutierrez, imported about forty kilograms of marijuana into the United States. Marinez–Arellano stated that he agreed with a man named Kiret to smuggle the marijuana in return for $500 and that he was going to give $250 to Arellano–Gutierrez, who, according to Marinez–Arellano, came along because he "also wanted to make some money."

Marinez–Arellano pleaded guilty to importing marijuana in violation of 21 U.S.C. §§ 952 and 960. The district court sentenced Marinez–Arellano to twelve months and one day imprisonment and three years supervised release. In doing so, the district court found that Marinez–Arellano "recruited" his cousin for the smuggling trip and therefore increased Marinez–Arellano's base offense level by two under U.S.S.G. § 3B1.4. for "use of a minor." Marinez–Arellano appeals, but we affirm.

I.

Marinez–Arellano first argues that 21 U.S.C. § 960 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This Circuit has rejected this argument. *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109 (9th Cir.2002).

Based on *Apprendi*, Marinez–Arellano next argues that this Court must interpret § 960 to impose a requirement that the defendant know the type and amount of the controlled substance at issue. *Apprendi* does not apply to this case. *Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The

---

4. 28 U.S.C. § 2254(d)(1).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

maximum sentence for importing fewer than fifty kilograms of marijuana is five years. 21 U.S.C. § 960(b)(4). The district court never exposed Marinez–Arellano to a term of imprisonment greater than five years, and thus *Apprendi* is inapplicable. In any event, Marinez–Arellano was sentenced to twelve months and one day imprisonment and three years of supervised release. This is well below the permissible statutory maximum and thus any potential *Apprendi* error would be harmless.

Finally, Marinez–Arellano contends that the district court erred by enhancing his sentence for "use of a minor" under U.S.S.G. § 3B1.4. Section 3B1.4, entitled "Using a Minor To Commit a Crime," provides: "If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels." U.S. Sentencing Guidelines Manual § 3B1.4 (2001). The commentary to § 3B1.4 states that " '[u]sed or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." *Id.* at cmt. n. 1. This court reviews the district court's interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *United States v. Seesing,* 234 F.3d 456, 459 (9th Cir.2000).

This Court recently analyzed § 3B1.4 in *United States v. Parker,* 241 F.3d 1114 (9th Cir.2001). The *Parker* Court reversed the district court's application of a two-level sentence enhancement pursuant to § 3B1.4 for use of a minor to commit a bank robbery, holding that "a defendant's participation in an armed bank robbery with a minor does not warrant a sentence enhancement under § 3B1.4 in the absence of evidence that the defendant acted affirmatively to involve the minor in the rob-

bery, beyond merely acting as his partner." *Id.* at 1120.

Here, the district court applied § 3B1.4's two-level enhancement after concluding that Marinez–Arellano "recruited" Arellano–Gutierrez. Marinez–Arellano argues that § 3B1.4 requires that the defendant "actively" use a minor to commit a crime, so § 3B1.4 should not apply to this case because he and Arellano–Gutierrez *jointly* decided to import marijuana. However, the district court's finding that Marinez–Arellano "recruited" Arellano–Gutierrez is not clearly erroneous. Marinez–Arellano told the authorities that he initiated contact with Kiret and made the arrangements to smuggle the marijuana for $500. Only after Marinez–Arellano made his deal with Kiret did he involve his cousin. Therefore, under the test set forth in *Parker,* Marinez–Arellano "acted affirmatively to involve the minor" and was subject to the enhancement in § 3B1.4. 241 F.3d at 1120.

Alternatively, Marinez–Arellano argues that the rule of lenity should apply, thereby requiring reversal of the § 3B1.4 sentencing enhancement. The rule of lenity requires courts to resolve ambiguities in criminal statutes in the defendant's favor, but applies "only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." *Muscarello v. United States,* 524 U.S. 125, 138, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (citations omitted). However, since § 3B1.4 unambiguously permitted the district court to enhance Marinez–Arellano's sentence, the rule of lenity does not apply.

II.

We AFFIRM the district court.