UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor Manuel DOMINGUEZ,
Defendant–Appellant.

No. 01–50585.

D.C. No. CR–01–01444–MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Victor Manuel Dominguez appeals his conviction and 12–month and 1–day prison sentence imposed following his guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dominguez contends that 21 U.S.C. §§ 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002) (§ 960), and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument.

In the alternative, Dominguez contends that the government was required to allege in the indictment that Dominguez knew the type and quantity of controlled substance he was alleged to have imported. This contention fails based on our holding in *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* does not require the government to prove that defendant knew type and amount of controlled substance).

Dominguez's final contention is that the district court committed plain error, *see United States v. Vonn*, —— U.S. ——, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002), by failing to advise him during the plea colloquy that the government was required to prove beyond a reasonable doubt the drug type and quantity pursuant to Federal Rule Criminal Procedure 11(c)(1). Assuming it was error, *see United States v. Jordan*, 291 F.3d 1091, ——, 2002 WL 1067325, at *2 (9th Cir.2002) (concluding that drug quantity must be pleaded in the indictment and proved beyond a reasonable doubt) and *United States v. Seesing*, 234 F.3d 456, 461–62 (9th Cir.2000) (as amended) (stating that sentencing court must advise defendant of every element of the offense), Dominguez's substantial rights were not violated because his sentence was below 60 months, the lowest statutory minimum allowable for importation of any amount of any controlled substance. *See* 21 U.S.C. § 960; *United States v. Mendoza–Paz*, 286 F.3d at 1110–11.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.