UNITED STATES of America,
Plaintiff—Appellee,

v.

Kenneth E. HODGE, Defendant—
Appellant.

No. 01–10583.
D.C. No. CR–00–00133–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Oct. 11, 2002.

Before TASHIMA, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM *

Kenneth E. Hodge appeals from his conviction and sentence for possession of a firearm by a convicted felon. We affirm. Because the parties are familiar with the factual and procedural history in this case, we will not recount it here.

### I

The district court did not err by admitting evidence concerning the attempted robbery at Dairy Queen. Because the evidence was relevant to establish context for the charged offense, and the danger of unfair prejudice did not substantially outweigh its probative value, the district court did not abuse its discretion

by admitting it. *See United States v. Collins,* 90 F.3d 1420, 1428–29 (9th Cir.1996) (recognizing the importance of other act evidence for felon-in-possession cases "because of the difficulty that the prosecution would encounter in proving that the defendant possessed a gun and in rebutting his proffered defense without relating the facts surrounding the commission of the crime"); *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1013 (9th Cir.1995) (noting that other act evidence is most often admissible in felon-in-possession cases); *United States v. Andaverde,* 64 F.3d 1305, 1314–15 (9th Cir.1995) (permitting evidence of burglary forming basis of search warrant in felon-in-possession case because it provided context for the charge and supplied background for police behavior); *United States v. Daly,* 974 F.2d 1215, 1217 (9th Cir.1992) (permitting evidence of defendant's shoot-out with police preceding arrest because "[t]he prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon"); *United States v. Butcher,* 926 F.2d 811, 816 (9th Cir.1991) (admitting evidence concerning drugs and other firearms found when defendant was arrested for felon-in-possession case because the other offenses were part of a "single criminal episode").

### II

Nor did the district court err in admitting testimony concerning the eyewitness identification of Hodge at the post-arrest show-up. A defendant is not denied due process if the challenged procedure used in the identification is not impermissibly suggestive. *United States v. Bagley,* 772 F.2d 482, 492 (9th Cir.1985).

We have previously considered post-arrest show-ups similar to the one at issue in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

this case and determined that the procedure, although suggestive, is not impermissibly so. *See, e.g., United States v. Jones,* 84 F.3d 1206, 1210 (9th Cir.1996) (drive-by identification in which suspect was only civilian surrounded by police officers not unnecessarily suggestive given benefit of permitting witnesses to make identification while the image of the perpetrator is still fresh in their minds); *Bagley,* 772 F.2d at 493 (post-arrest show-up in which witness saw defendant handcuffed and surrounded by police officers not unnecessarily suggestive); *United States v. Kessler,* 692 F.2d 584, 585–86 (9th Cir.1982) (show-up in which witnesses were confronted with hand-cuffed suspect was suggestive, but legitimately so). Because the show-up in this case presented no facts to differentiate it from the identification procedures deemed admissible in *Jones, Bagley,* and *Kessler,* the district court did not err in admitting the testimony.

Contrary to Hodge's assertion, *United States v. Montgomery,* 150 F.3d 983 (9th Cir.1998) is inapposite. In *Montgomery,* the witness had been presented a highly suggestive photo array one year after the crime; the government had faxed him a picture of the defendant several weeks before trial and then taken him to view the defendant in a courtroom the day before trial. Those circumstances are dissimilar to those involved in a show-up, and are rightly governed by a different legal analysis.

### III

■ The district court did not err when it applied the four-level sentencing enhancement for Hodge's possession of the firearm in connection with the robbery. We review the district court's interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts

for abuse of discretion. *United States v. Seesing,* 234 F.3d 456, 459 (9th Cir.2000). Because Hodge failed to object to the district court's application of the preponderance of the evidence standard at sentencing, we review the standard of proof only for plain error. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

Because there is factual support in the record for the district court's finding that Hodge was carrying the gun when he attempted to rob the Dairy Queen, that finding is not clearly erroneous. Likewise, given the record, the district court did not commit reversible error in determining that Hodge was emboldened by carrying the handgun. *See, e.g., United States v. Polanco,* 93 F.3d 555, 567 (9th Cir.1996) (evidence supported conclusion defendant had been emboldened by possession of gun when it was within easy reach during commission of crime); *United States v. Collins,* 90 F.3d 1420, 1430 (9th Cir.1996) (not clearly erroneous to conclude that loaded gun carried during burglary had emboldening role in felonious conduct); *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994) (that defendant maintained accessibility of gun during criminal activity supported finding that possession of gun facilitated illegal conduct).

Although there was no direct evidence that Hodge was "emboldened"—as Hodge rightly points out, a sentence enhancement under U.S.S.G. § 2K2.1(b)(5) is permitted when "the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—i.e., had some potential emboldening role—in a defendant's felonious conduct." *Polanco,* 93 F.3d at 566–67. Thus, the district court's use of inference in concluding that Hodge was potentially emboldened by carrying a handgun was not improper.

## IV

Due process only requires the application of the clear and convincing standard when an enhancement based on uncharged conduct has "an extremely disproportionate effect" on the length of the defendant's sentence. *United States v. Valensia*, 222 F.3d 1173, 1182 (9th Cir. 2000) *cert. granted, judgment vacated on other grounds*, 532 U.S. 901, 121 S.Ct. 1222, 149 L.Ed.2d 133 (2001). Here, because the enhancement was less than five levels and did not double the defendant's sentence, it did not have a "disproportionate effect" warranting a higher standard of proof. *See United States v. Johansson*, 249 F.3d 848, 858 (9th Cir.2001) (applying preponderance standard for four-level enhancement increasing guidelines range from 6–12 months to 15–21 months because increase was less than five levels and guidelines range was not doubled). Thus, the district court did not commit plain error in applying the preponderance of the evidence standard at Hodge's sentencing.

AFFIRMED.