**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel Pulido CHAVEZ, Defendant—
Appellant.**

No. 03–30103.

D.C. No. CR–02–06031–WFN.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

* This case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

James P. Hagarty, Assistant United States Attorney, Yakima, WA, for Plaintiff–Appellee.

Richard D. Wall, Spokane, WA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

## MEMORANDUM**

Miguel Pulido Chavez appeals his sentence following a guilty plea to conspiracy, distribution, and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. We review factual findings with respect to sentencing for clear error, and application of the guidelines to those facts for abuse of discretion. *United States v. Seesing*, 234 F.3d 456, 459 (9th Cir.2000). Whether a particular defendant qualifies for the safety valve provision is reviewed for clear error. *See United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir.1997). We affirm Chavez's sentence.

■ Chavez asserts that, at sentencing, the court improperly attributed to him quantities of drugs found at his West Henry Street "stash" house, but which were outside the scope of the conspiracy or were not foreseeable to him. The district court's decision that the scope of the conspiracy to which Chavez agreed foreseeably included all the marijuana and cocaine seized at the West Henry Street residence was not clearly erroneous. *See United States v. Petty*, 992 F.2d 887, 890–91 (9th Cir.1993). Based on Chavez's own statements and activities, the district court did not abuse its discretion when it treated those drugs as relevant conduct for sentencing Chavez. *See Seesing*, 234 F.3d at 459.

■ Chavez next contends that he was entitled to a downward departure based on "safety-valve" provisions of the sentencing guidelines.[1] Chavez, however, never provided the government with all information relevant to the conspiracy, and was not, therefore, entitled to a "safety valve" downward departure. *See* USSG §§ 5C1.2(a)(1)-(5), 2D1.1(b)(6); *see also United States v. Miller*, 151 F.3d 957, 958 (9th Cir.1998).

■ Finally, Chavez raises an ineffective assistance claim, asserting that his counsel should have moved for a downward departure based on sentencing disparity between Chavez and a co-conspirator. *See United States v. Boshell*, 952 F.2d 1101, 1108 (9th Cir.1991). On this record we will not deviate from our general rule that ineffective assistance claims are left for collateral proceedings. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000). We therefore decline to review this issue. *See id.*

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All references to the United States Sentencing Guidelines are to the November 1, 2002 version, the current version when Chavez was sentenced.