**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lawrence T.G. CHOW, Defendant—
Appellant.**

No. 03–10171.

D.C. No. CR–02–00202–DAE.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 22, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas C. Muehleck, Asst. U.S. Atty., Honolulu, HI, for Plaintiff–Appellee.

Donna M. Gray, Appt. Fed. Public Def., Office of the Federal Public Defender, Honolulu, HI, for Defendant–Appellant.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM [**]

Lawrence T.G. Chow appeals the judgment imposing an 18–month sentence following his guilty-plea conviction for possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). We have jurisdiction pursuant 28 U.S.C. § 1291, and we affirm. We review de novo the district court's interpretation of the Sentencing Guidelines, and for clear error its factual findings at sentencing. *See United States v. Seesing,* 234 F.3d 456, 459 (9th Cir.2000).

Petitioner contends that the district court clearly erred in applying a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with his unlawful use of or addiction to a controlled substance. Specifically, he argues that there is no evidence connecting the firearm to the drug offense, and that the firearm did not embolden him to sell marijuana. This contention lacks merit. The record supports a reasonable inference that possession of the firearm emboldened Chow's felonious activity since the firearm, which could be used to compel payment or defend drugs, was readily accessible from his bedroom closet. *See United States v. Polanco,* 93 F.3d 555, 567

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.1996) (holding that the presence of a firearm in defendant's nearby car was sufficient to support finding that the possession of the firearm emboldened defendant while selling drugs).

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.