**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Miguel LOPEZ–HERNANDEZ,**
**Defendant—Appellant.**

**No. 04–10139.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

James S. Park, Esq., Park & Wilson, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM **

Miguel Lopez–Hernandez appeals the district court's 69–month sentenced, with three years supervised release, for re-entry after deportation and attempted reentry after deportation. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination of whether the defendant has validly waived his rights, *de novo.* *United States v. Anglin,* 215 F.3d 1064, 1066 (9th Cir.2000). Likewise, we review the adequacy of a Rule 11 plea colloquy *de novo.* *United States v. Seesing,* 234 F.3d 456, 459 (9th Cir.2001). We affirm.

Mr. Lopez–Hernandez contends that he should have been allowed to withdraw his guilty plea for two reasons: (1) the Rule 11 colloquy at the time he entered his plea was inadequate because the judge failed to mention the defendant's sixth amendment rights to confront and cross-examine witnesses, compel the attendance of witnesses, and to be free from self-incrimination, and (2) he was coerced into agreeing to the plea agreement by his attorney.

Joan G. Ruffennach, Esq., Mary Beth Pfister, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Mr. Lopez–Hernandez may not withdraw his plea of guilty unless he can dem-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

onstrate a fair and just reason for doing so. *United States v. Hyde,* 520 U.S. 670, 671, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997). An inadequate Rule 11 colloquy is a fair and just reason unless it amounts to harmless error under Rule 11(h). *United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (2004). Error is harmless if "the defendant was aware of the necessary information at the time he entered his plea." *United States v. Graibe,* 946 F.2d 1428, 1434 (9th Cir.1991). The record in this case demonstrates that Mr. Hernandez–Lopez was aware of his rights to confront and cross-examine witnesses, compel the attendance of witnesses at the time he entered his plea. In place of actually explaining these rights to the defendant, the judge directed the defendant's attention to the plea agreement. The judge said, "And you have a whole series of rights that are—that appear here in this plea agreement over on page six and seven. You say you read all that and reviewed it and discussed it and you understand it." The defendant responded in the affirmative. The paragraph on page 6 of the Plea Agreement which the defendant claimed to have read, discussed, and understood reads as follows:

> I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination . . ."

Likewise, the record demonstrates that Mr. Hernandez–Lopez was not coerced into entering the guilty plea, based on his own testimony in open court. A defen-

dant's "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir.1987). The district court correctly denied Mr. Lopez–Hernandez's motion to withdrawn his guilty plea.

AFFIRMED.