NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30213 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00067-EJL |
| v. | |
| CAMERON SCOTT GRIFFIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Cameron Scott Griffin appeals pro se from the district court's order denying

his petition for a writ of mandamus and motion for a hearing pursuant to *Kastigar*

*v. United States*, 406 U.S. 441 (1972).  We have jurisdiction under 28 U.S.C.

§ 1291, and we vacate and remand to the district court.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Griffin filed his petition and motion after this court affirmed his jury-trial conviction for conspiracy to possess with intent to distribute methamphetamine and distribution of methamphetamine. The district court could have construed Griffin's petition and motion as a 28 U.S.C. § 2255 petition, as long as it complied with certain procedural safeguards. *See United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000). Instead, the court denied the petition and motion on the merits.

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). The availability of this remedy precludes mandamus review. *See Pescosolido v. Block*, 765 F.2d 827, 829 (9th Cir. 1985). Because Griffin could have sought relief by way of a section 2255 petition, the district court lacked jurisdiction to adjudicate the merits of Griffin's petition and motion. We accordingly vacate sections II and III of its order and remand.

We are aware that, after this appeal was filed, Griffin filed an apparently timely section 2255 petition, which the district court dismissed on the ground that an appeal from the district court's denial of the petition and motion was pending in this court. On remand, the district court may construe the instant petition and motion as a section 2255 petition if it informs Griffin of the potential adverse

2                                                                                    10-30213

consequences of such a recharacterization, and gives him the opportunity to withdraw the petition and motion. *See Seesing*, 234 F.3d at 464. If Griffin chooses to withdraw his petition and motion and to file a new section 2255 petition, that petition would fall outside the one-year statute of limitations period. In that event, the district court should consider the availability of any equitable tolling to which Griffin may be entitled.

**VACATED and REMANDED.**