**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30097 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00067-EJL |
| v. | |
| CAMERON SCOTT GRIFFIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Cameron Scott Griffin appeals pro se from the district court's order denying

his motion to obtain a list of juror names from his trial.  We have jurisdiction under

28 U.S.C. § 1291, and we vacate and remand to the district court.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

After this court affirmed Griffin's jury-trial conviction for conspiracy to possess with intent to distribute methamphetamine and distribution of methamphetamine, he filed the instant motion seeking the names of the jurors in his case in order to develop facts to support his claim that the jury engaged in improper deliberations. Griffin also filed a petition for a writ of mandamus and a motion for a hearing pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972). The district court denied the petition and both motions on the merits. This court recently vacated the district court's disposition of the mandamus petition and *Kastigar* motion, on the ground that the court lacked jurisdiction to adjudicate their merits. *See United States v. Griffin*, No. 10-30213, 2011 WL 4588919 (9th Cir. Oct. 5, 2011).

The district court likewise lacked jurisdiction over Griffin's motion to obtain juror names. As this court explained in Griffin's previous appeal, 28 U.S.C. § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Because Griffin could have sought relief by way of a section 2255 motion, the district court lacked jurisdiction to adjudicate the merits of his motion requesting a list of juror names. We accordingly vacate the district court's order

denying that motion on the merits, and remand with instructions that the district court dismiss the motion for lack of jurisdiction.

We are aware that Griffin recently filed a section 2255 motion in the district court, which the court deemed timely filed. We note that Griffin may move in the district court to amend that motion to add additional claims, and to conduct any necessary discovery in those proceedings. By this memorandum disposition, we express no opinion as to the merits of any such motion.

**VACATED and REMANDED.**