97 F.3d 593
 321 U.S.App.D.C. 136
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Michael PALMER, a/k/a James, a/k/a Knot, a/k/a Tony, Appellant.
 No. 95-3204.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 10, 1996.
 
 Before: HENDERSON, ROGERS, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed December 5, 1995, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Although Palmer's motion for a new trial based on newly discovered evidence is untimely under Federal Rule of Criminal Procedure 33, his request for a new trial can be treated as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The evidence Palmer relies on for his claim that he had no connection to the guns bought by Raymond Morant is not newly discovered. See Thompson v. United States, 188 F.2d 652, 653 (D.C.Cir.1951). The Morant affidavit expressly states that the information therein was made available to the defense prior to trial and that Morant, in fact, did discuss his possible testimony with Palmer's trial counsel. Moreover, to the extent Palmer raises a claim of prosecutorial overreaching, he has not shown cause for his procedural default in failing to raise this claim earlier. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Nor has he shown that "failure to consider his claim will result in a fundamental miscarriage of justice." See United States v. McKie, 73 F.3d 1149, 1154 (D.C.Cir.1996) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). With respect to the ineffective assistance of trial counsel claim, the court need not decide whether trial counsel's performance was deficient because Palmer has not demonstrated that there is a reasonable probability that, but for counsel's alleged errors, the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). Thus, Palmer's claims are insufficient to entitle him to relief under 28 U.S.C. § 2255. Accordingly, the district court's order denying the motion for a new trial is affirmed.