**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-00237**

---

**IN RE: SYLVESTER TOLLIVER,**

**Movant.**

---

Motion for an Order Authorizing the United States
District Court for the Eastern District of Louisiana
to Consider a Successive 28 U.S.C. § 2255 Motion

---

Before JONES, DeMOSS, and PARKER, Circuit Judges.

BY THE COURT:

Sylvester Tolliver, federal prisoner #24806-013, has moved this Court for an order authorizing him to file a successive 28 U.S.C. § 2255 motion in the district court. Tolliver asserts that on May 20, 1996, he filed a motion to dismiss his 1993 jury conviction for using or carrying a firearm in relation to a drug crime in violation of 18 U.S.C. § 924(c) in light of **Bailey v. United States**, 116 S. Ct. 501 (1995). Over Tolliver's objections, the district court construed Tolliver's motion as a § 2255 motion and granted the relief sought. Tolliver asserts before us that he was purchasing a copy of his trial transcript required to complete a § 2255 motion when he filed his motion to dismiss his firearm conviction. Tolliver states that he has several constitutional and other issues to raise in a § 2255 motion and that it was never his intention that his earlier motion be construed pursuant to § 2255.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, 1220-21 (1996), which amended § 2255. Under the amendment, a prisoner seeking to file a second or successive § 2255 motion must obtain authorization to do so from this Court. 28 U.S.C. § 2244(b)(3) and § 2255. This Court may authorize the filing of a successive § 2255 motion only if it determines that the movant has made a prima facie showing that:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (as amended by AEDPA).

It is not clear from the motion now before this Court whether Tolliver's May 20, 1996 motion to dismiss his conviction under **Bailey** was or was not labeled as a § 2255 motion. The district court construed Tolliver's motion as a § 2255 motion, and granted the motion and ordered the relief sought. While Tolliver objected to the district court's construing it as a § 2255 motion, there is nothing else it could be. Consequently, Tolliver has exercised his first § 2255 motion and must now receive a certificate from this Court as to any second or successive § 2255 motion.

Tolliver's motion for authorization is not sufficient for us to certify that his second § 2255 motion would be based on newly discovered evidence or on a new rule of constitutional law, made

2

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. <u>See</u> 28 U.S.C. § 2255 above. Tolliver does not state the issues or arguments he seeks to raise in his second § 2255 motion. Therefore, it is ordered that Tolliver's motion for authorization to file a successive § 2255 motion is **DENIED.**

3